UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

JERMAINE SHUMATE,

       Defendant.
_____/

Case No. 15-20023
Hon. Mark A. Goldsmith

**OPINION & ORDER**
**DENYING DEFENDANT JERMAINE SHUMATE'S MOTION FOR COMPASSIONATE RELEASE (Dkts. 52, 53, 54) WITHOUT PREJUDICE**

This matter is before the Court on Jermaine Shumate's motion for compassionate release (Dkts. 52, 53, 54). Because Shumate has not exhausted his administrative remedies, his motion must be denied without prejudice.

Shumate seeks compassionate release under the First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194. The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences, United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Generally, federal courts cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Before seeking compassionate release from federal courts, however, prisoners must "fully exhaust[ ] all administrative rights" or else they must wait for 30 days after the warden's "receipt

of [their] request." 18 U.S.C. § 3582(c)(1)(A).  The Sixth Circuit recently held, among other things, that there are no statutory exceptions to this exhaustion requirement.  United States v. Alam, 960 F.3d 831, 835-836 (6th Cir. 2020).  When faced with an unexhausted motion for compassionate release, district courts must dismiss the motion without prejudice.  See id. at 836 ("If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions.").

Shumate has not fully exhausted his remedies.  Shumate filed three letters in June 2020 seeking compassionate release.  The Government responded to his motions arguing that he had failed to exhaust his administrative remedies.  Resp. at 12-14.  Through counsel, Shumate filed a reply brief stating that the warden denied his request for compassionate release on September 21, 2020.  Reply at 3 (Dkt. 61).  Shumate does not say when he submitted that request.  The Government raised exhaustion as a defense.  Shumate has not provided any evidence that he fully exhausted his remedies before filing his motions for compassionate release. Therefore, in light of the Sixth Circuit's clear instruction exhaustion, Shumate's motions (Dkts. 52, 53, 54) must be dismissed without prejudice.

SO ORDERED.

Dated:  October 26, 2020          s/Mark A. Goldsmith
        Detroit, Michigan         MARK A. GOLDSMITH
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2020.

                                  s/Karri Sandusky
                                  Case Manager